UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS, III,<br><br>    Plaintiff,<br><br> v.<br><br>STU SHERMAN,<br><br>    Defendant. | Case No. 1:18-cv-01499-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED AS DUPLICATIVE OF CASE 1:18-cv-01420<br><br>THIRTY-DAY DEADLINE |

  Norman Daniels, III ("Plaintiff"), is a state prisoner proceeding *pro se*. Plaintiff filed the complaint commencing this action on October 30, 2018. (ECF No. 1). As it appears that Plaintiff filed a complaint against the same defendant based on similar allegations in Daniels v. Sherman, E.D. CA, Case No. 1:18-cv-01420 (ECF No. 1), on October 15, 2018, the Court will order Plaintiff to show cause why this case should not be dismissed as duplicative of Case 1:18-cv-01420.

  "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. California Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977)), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

  "To determine whether a suit is duplicative, we borrow from the test for claim

preclusion." Adams, 497 F.3d at 688. "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'" Id. (alteration in original) (quoting The Haytian Republic, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties … to the action, are the same." Adams, 497 F.3d at 689. See also Serlin v. Arthur Anderson & Co., 3 F.3d 221, 223 (7th Cir. 1993) (internal quotation marks and citation omitted) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.").

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 497 F.3d at 688.

On October 15, 2018, Plaintiff filed a complaint in the Eastern District of California which is proceeding in Daniels v. Sherman, E.D. CA, Case No. 1:18-cv-01420 (ECF No. 1). Fifteen days later Plaintiff filed the complaint commencing this action.

In both cases Plaintiff alleges that he is legally blind, and complains about a lack of Americans with Disability Act ("ADA") accommodations in the law library (which interferes with his access to the courts) and a lack of accommodations regarding access to education. In both cases, Warden Stu Sherman is the only named defendant. In both cases, Plaintiff requests that computers (with the proper software) be placed in housing units for legal, educational, and personal uses, and that California Department of Corrections and Rehabilitation staff go through training on dealing with inmates with disabilities. While the allegations and the relief sought are not identical, the parties are the same, and the claims and requested relief do not appear to significantly differ.

Thus, it appears that this case is duplicative of Case 1:18-cv-01420. Accordingly, it is HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why this case should not be dismissed as duplicative of Case 1:18-

cv-01420.

The Court notes that if Plaintiff fails to file a response the Court will recommend to a district judge that this case be dismissed as duplicative of Case 1:18-cv-01420.

IT IS SO ORDERED.

Dated: **October 31, 2018**         /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE