| | |
|---|---|
| NORMAN GERALD DANIELS, III, <br><br>　　　　Plaintiff, <br><br>　v. <br><br>STU SHERMAN, <br><br>　　　　Defendant. | Case No. 1:18-cv-01499-EPG (PC) <br><br> ORDER DENYING MOTION TO SUBMIT MULTIPLE REQUESTS FOR CLASS CERTIFICATION UNDER RULE <br><br>ORDER DENYING REQUEST FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE <br><br>(ECF NO. 12) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Norman Daniels, III ("Plaintiff"), is a state prisoner proceeding *pro se*.

On December 17, 2018, Plaintiff filed a "Motion to Submit Multiple Requests for Class Certification Under Rule." (ECF No. 12). Plaintiff asks the Court merge his cases into a class action.

Plaintiff states that he is a legally blind inmate incarnated at California Statement Prison, CSATF. Plaintiff alleges that his civil rights are being violated by the California Department of Corrections and Rehabilitation, as it has continually denied Plaintiff the ability to read and write in an effective manner, and has denied Plaintiff the ability to purchase and own ADA items that are not considered medical equipment. Plaintiff further alleges that he has difficulty accessing the courts due to his disability. Plaintiff asks the Court to merge his cases

as a class action.

The motion will be denied. *Pro se* plaintiffs may not pursue claims on behalf of others in a representative capacity. See Local Rule 183 ("Any individual who is representing himself or herself without an attorney must appear personally or by courtesy appearance by an attorney admitted to the Bar of this Court and may not delegate that duty to any other individual, including husband or wife, or any other party on the same side appearing without an attorney."). See also Simon v. Hartford Life, Inc., 546 F.3d 661, 664–65 (9th Cir.2008); Russell v. United States, 308 F.2d 78, 79 (9th Cir.1962) ("A litigant appearing *in propria persona* has no authority to represent anyone other than himself."); Hallford v. California Correctional Peace Officers Ass'n, 2007 WL 3046047, *5 (E.D. Cal. October 18, 2007) (stating that a *pro se* plaintiff cannot fairly and adequately protect the interests of a class as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure).

Accordingly, this action may not proceed as a class action. While Plaintiff may have requested appointment counsel in order to remedy this defect,[1] that request will be denied, without prejudice. Plaintiff appears to be asking for counsel so that this action can proceed as a class action, and because he has difficulty accessing the courts due to his disability.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

---

[1] It does not appear that Plaintiff requested appointment of counsel in his motion, but he did mention appointment of counsel. Accordingly, in the abundance of caution, the Court will treat the mention of appointed counsel as a request for appointment of pro bono counsel.

"exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citation omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, based on the filings in this case, it appears that Plaintiff can adequately articulate his claims and communicate with the Court.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Submit Multiple Requests for Class Certification Under Rule is DENIED; and
2. Plaintiff's request for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **January 22, 2019**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE