UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS, III, | Case No. 1:18-cv-01499-EPG (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S CASE BE DISMISSED AS DUPLICATE OF CASE 1:18-CV-01420 |
| v. | |
| STU SHERMAN, | (ECF NOS. 1 & 7) |
| Defendant. | OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS |
| | ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Norman Daniels, III ("Plaintiff"), is a state prisoner proceeding *pro se*. Plaintiff filed the complaint commencing this action on October 30, 2018. (ECF No. 1). As it appeared that Plaintiff filed a complaint against the same defendant based on similar allegations in Daniels v. Sherman, E.D. CA, Case No. 1:18-cv-01420 (ECF No. 1), on November 1, 2018, the Court ordered Plaintiff to show cause why this case should not be dismissed as duplicative of Case 1:18-cv-01420. (ECF No. 7). On December 6, 2018, Plaintiff filed his response to the order to show cause. (ECF No. 10).

For the reasons described below, the Court will recommend that Plaintiff's case be dismissed as duplicative of Case No. 1:18-cv-01420.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II.    ANALYSIS

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'"  Adams v. California Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977)), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion."  Adams, 497 F.3d at 688.  "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'"  Id. (alteration in original) (quoting The Haytian Republic, 154 U.S. 118, 124 (1894)).  "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties … to the action, are the same."  Adams, 497 F.3d at 689.  See also Serlin v. Arthur Anderson & Co., 3 F.3d 221, 223 (7th Cir. 1993) (internal quotation marks and citation omitted) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.").

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously

filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 497 F.3d at 688.

On October 15, 2018, Plaintiff filed a complaint in the Eastern District of California which is proceeding in Daniels v. Sherman, E.D. CA, Case No. 1:18-cv-01420 (ECF No. 1). Fifteen days later Plaintiff filed the complaint commencing this action.

As the Court noted in its order to show cause, in both this case and in Case No. 1:18-cv-01420 Plaintiff alleges that he is legally blind, and complains about a lack of Americans with Disability Act ("ADA") accommodations in the law library (which interferes with his access to the courts) and a lack of accommodations regarding access to education. In both cases, Warden Stu Sherman is the only named defendant. In both cases, Plaintiff requests that computers (with the proper software) be placed in housing units for legal, educational, and personal uses, and that California Department of Corrections and Rehabilitation staff go through training on dealing with inmates with disabilities. While the allegations and the relief sought are not identical, the parties are the same, and the claims and requested relief do not appear to significantly differ.

Plaintiff does allege in his response to the order to show cause that this case and Case No. 1:18-cv-01420 are based on different incidents (ECF No. 10, p. 6), but from the face of the complaints it does not appear that the claims and requested relief significantly differ, and Plaintiff failed to explain the differences between the complaints.

Accordingly, the Court finds that this case should be dismissed as duplicative of Case No. 1:18-cv-01420.[1]

## III. CONCLUSION AND RECOMMENDATIONS

Because the claims and requested relief in this case do not appear to significantly differ from the claims and requested relief in Case No. 1:18-cv-01420, IT IS HEREBY RECOMMENDED that this case be dismissed as duplicative of Case No. 1:18-cv-01420.

---

[1] Plaintiff appears to ask the Court to consolidate the two cases instead of dismissing this case and having Plaintiff proceed in Case No. 1:18-cv-01420. (ECF No. 10, p. 9). However, Plaintiff provides no reason why the Court should consolidate the cases instead of dismissing this case and having Plaintiff proceed in Case No. 1:18-cv-01420, and there does not appear to be a reason to.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **January 24, 2019**          /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE